UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA for the use )
and benefit of LDG, INC. d/b/a UNIQUE )
WOODWORKING, a Massachusetts corporation )
with a principal place of business in Weymouth, )
Norfolk County )   Civil Action No.
 )
        Plaintiff )
 )
v. )
 )   RECEIPT #  63809
TRAVELERS CASUALTY AND )   AMOUNT $
SURETY COMPANY OF AMERICA, )   SUMMONS ISSUED
a Connecticut surety company registered to do )   LOCAL RULE 4.1
business in Massachusetts )   WAIVER FORM
 )   MCF ISSUED
        Defendant )   BY DPTY. CLK.
 )   DATE

**05-10852 RCL**
**MAGISTRATE JUDGE**

## COMPLAINT

Plaintiff, United States of America, brings this case pursuant to 40 U.S.C. §3131 *et seq.* for the use and benefit of LDG, Inc. d/b/a Unique Woodworking, and for its Complaint against Defendant, Travelers Casualty and Surety Company of America, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in the United States District Court is authorized by 40 U.S.C. §3133.

2. Venue is appropriate in the United States District Court for the District of Massachusetts pursuant to 40 U.S.C. §3133 because the prime contract and subcontract have been performed in Suffolk County, Massachusetts.

### PARTIES

3. The Plaintiff, United States of America, initiated this action for the use and benefit of LDG, Inc. d/b/a Unique Woodworking, a Massachusetts corporation with a principal place of business in Weymouth, Norfolk County, Commonwealth of Massachusetts (hereinafter referred to as "Unique").

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

4. The Defendant, Travelers Casualty and Surety Company of America, is, upon information and belief, a Connecticut surety company registered to do business in Massachusetts, with a place of business at 300 Crown Colony Drive, Quincy, Norfolk County, Commonwealth of Massachusetts (hereinafter referred to as "Travelers").

## STATEMENT OF FACTS

5. Mattie and O'Brien Contracting Corporation, is, upon information and belief, a Massachusetts corporation with a principal place of business in Boston, Suffolk County, Commonwealth of Massachusetts (hereinafter referred to as "Mattie")

6. United States of America, acting through the United States Department of Veteran Affairs entered into written contracts with Mattie for renovations to the VA Hospital located in Jamaica Plain, Massachusetts, specifically, contracts numbered V523-C1240 and V523-C1243 (hereinafter referred to as the "Projects"), whereby Mattie agreed to act as the prime contractor with respect to the Projects.

7. Mattie, as principal, and Travelers, as surety, executed a payment bond in the amount of $131,900.00, thereby securing payment of labor and materials furnished on the project known as VA Hospital/2 South (contract no. V523-C1240) as required by 40 U.S.C. §3131. (Exhibit "A").

8. Mattie, as principal, and Travelers, as surety, executed a payment bond in the amount of $697,593.50, thereby securing payment of labor and materials furnished on the project known as VA Hospital/Audiology (contract no. V523-C1243) as required by 40 U.S.C. §3131. (Exhibit "B").

9. Mattie, as prime contractor, entered into agreements with Unique, whereby Unique agreed to provide certain labor and materials to the Projects.

10. Unique furnished labor and materials to Defendant Mattie on the Projects pursuant to the agreement between the parties.

11. Unique provided labor and materials to the Projects in the amount of $95,908.00 as requested by Mattie.

12. To date, Mattie has paid Unique a sum of $80,829.00 for the labor and materials Unique provided to the Projects.

13. Mattie owes Unique a balance due of $15,079.00, plus interest.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

14. Despite repeated requests for payment from Unique, Mattie has failed, refused, and neglected and continues to fail, refuse, and neglect to pay Unique for the labor and materials provided.

15. Unique last performed labor or furnished materials to the Projects more than ninety (90) days, but less than one (1) year, prior to the filing of this Complaint.

## COUNT I
(Action on a Miller Act Surety Bond: Breach of Contract)

16. Unique realleges, reavers and incorporates herein the allegations set forth in paragraphs 1 through 15 above.

17. Pursuant to U.S.C. §3131 *et seq.*, Mattie, as principal, and Travelers, as surety, executed payment bonds guaranteeing payment for all labor, materials, and equipment furnished for use in the performance in the prime contracts between Mattie and the United States Department of Veteran Affairs, specifically contract numbers V523-C1243 and V523-C1240.

18. Unique is owed $15,079.00 for labor and materials furnished for use in the performance of the prime contracts.

19. All conditions precedent to the maintenance of this action have been performed.

20. WHEREFORE, United States of America for the use and benefit of LDG, Inc. d/b/a Unique Woodworking demands judgment against Defendant, Travelers Casualty and Surety Company of America, for $15,079.00, plus interest and costs.

## COUNT II
(Action on a Miller Act Surety Bond: Quantum Meruit)

21. Unique realleges, reavers and incorporates herein the allegations set forth in paragraphs 1 through 20 above.

22. Unique substantially completed the obligations of its agreements with Mattie and all extra work as required by Mattie in good faith.

23. The fair value of the labor and materials provided by Unique to Mattie for the Projects, for which Mattie has not made payment, is $15,079.00.

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

24. Despite repeated demands, Mattie has failed, neglected, and refused and continues to fail, neglect, and refuse to pay Unique the amounts due and owing.

25. WHEREFORE, United States of America for the use and benefit of LDG, Inc. d/b/a Unique Woodworking demands judgment against Defendant, Travelers Casualty and Surety Company of America, for $15,079.00, plus interest and costs.

### PRAYERS FOR RELIEF

WHEREFORE, United States of America for the use and benefit of LDG, Inc. d/b/a Unique Woodworking demands judgment as follows:

1. For judgment in its favor against the Defendant, Travelers Casualty and Surety Company of America, for $15,079.00, plus interest and costs, in accordance with Count I, an action on a Miller Act surety bond.

2. For judgment in its favor against the Defendant, Travelers Casualty and Surety Company of America, for $15,079.00, plus interest and costs, in accordance with Count II, a quantum meruit claim.

3. For such other and further relief as this Honorable Court deems just, fair, and equitable.

UNITED STATES OF AMERICA for the use and benefit of LDG, INC. d/b/a UNIQUE WOODWORKING

By its attorneys,

Date 4.27.05

Robert Philip Hilson (BBO#547899)
Rebecca L. Dalpe (BBO#653996)
Law Offices of Robert Philip Hilson
A Professional Corporation
175 Derby Street, Suite 12
Hingham, Massachusetts 02043
(781) 740-4118

LAW OFFICES OF
ROBERT PHILIP HILSON
A PROFESSIONAL CORP.
175 DERBY STREET
SUITE 12
HINGHAM, MA
02043

(781) 740-4118

F:\WP61\DOCS\UNI-MO.COM

4

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must ... ne or later than date of contract) 09/13/2002 | Bond No. 6SB103890775 OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405

**PRINCIPAL** (Legal name and business address)

Mattie & O'Brien Mechanical
Contracting Co., Inc.
One Wadleigh Place
Boston, MA 02127

**TYPE OF ORGANIZATION** ("X" one)

☐ INDIVIDUAL     ☐ PARTNERSHIP
☐ JOINT VENTURE  ☒ CORPORATION

**STATE OF INCORPORATION**
Massachusetts

**SURETY(IES)** (Name(s) and business address(es))

Travelers Casualty and Surety Company of America
One Tower Square, Hartford, CT 06183

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
|  | 131 | 900 | 00 |

**CONTRACT DATE** 08/05/2002   **CONTRACT NO.** V523-C1240

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

Mattie & O'Brien Mechanical Contracting Co., Inc. **PRINCIPAL**

| SIGNATURE(S) | 1. /s/ (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. William J. O'Brien, Jr. Treasurer | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America Hartford, CT | STATE OF INC. Connecticut | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. /s/ Asunda Mikulak | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Asunda Mikulak Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable
NC-1817A

STANDARD FORM 25-A (REV. 10-98)
Prescribed by GSA - FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| | | | | |
|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ |
| | SIGNATURE(S) | 1. | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | |

INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal," and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

IN WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY have caused this instrument to be signed by their Senior Vice President and their corporate seals to be hereto affixed this 10th day of July 2002.

STATE OF CONNECTICUT
}SS. Hartford
COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY



By_____
George W. Thompson
Senior Vice President

On this 10th day of July, 2002 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



My commission expires June 30, 2006    Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 13 day of September, 2002.



By_____
Kori M. Johanson
Assistant Secretary, Bond

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
**TRAVELERS CASUALTY AND SURETY COMPANY**
**FARMINGTON CASUALTY COMPANY**
Hartford, Connecticut 06183-9062

### POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford, County of Hartford, State of Connecticut, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make, constitute and appoint: **Marion R. Vail, Diane R. Cardini, Jeannette Dominguez, Asunda Mikulak,** of **Farmington, Connecticut,** their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute and acknowledge, at any place within the United States, the following instrument(s): by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified and confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions are now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile (mechanical or printed) under and by authority of the following Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

(11-00 Standard)

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must not be later than date of contract) 09/20/2002 | | OMB No.: 9000-0045 |
|---|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405.

**PRINCIPAL** (Legal name and business address)

Mattie & O'Brien Mechanical
Contracting Co., Inc.
One Wadleigh Place
Boston, MA  02127

**TYPE OF ORGANIZATION** ("X" one)

[ ] INDIVIDUAL  [ ] PARTNERSHIP
[ ] JOINT VENTURE  [X] CORPORATION

STATE OF INCORPORATION
Massachusetts

**SURETY(IES)** (Name(s) and business address(es))

Travelers Casualty and Surety Company of America
One Tower Square, Hartford, CT  06183

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
|  | 697 | 593 | 50 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 09/13/2002 | V523-C1243 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

Mattie & O'Brien Mechanical Contracting Co., Inc. PRINCIPAL

| SIGNATURE(S) | 1. *WilfoB* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. William J. O'Brien, Jr. Treasurer | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | NAME & ADDRESS | Travelers Casualty and Surety Company of America Quincy, MA | STATE OF INC. Connecticut | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. *Stephen W. Grant* | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Stephen W. Grant, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable
WC-1817A

STANDARD FORM 25-A   (REV. 10-98)
Prescribed by GSA - FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|---|
| SURETY B | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY C | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY D | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY E | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY F | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |
| SURETY G | | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal," and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
Hartford, Connecticut 06183-9062
TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS
Naperville, Illinois 60563-8458

## POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPA corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hart County of Hartford, State of Connecticut, and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOI corporation duly organized under the laws of the State of Illinois, and having its principal office in the City of Naperville, Coun DuPage, State of Illinois, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents m constitute and appoint: Stephen W. Grant, Diane M. Hurlebaus, Virginia M. Michaels or Michael A. Rosenberger * *

of Boston, MA, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute acknowledge, at any place within the United States, or, if the following line be filled in, within the area there designated the following instrument(s):
by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto

and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized off of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolution now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in and Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may pres to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligate the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice Pres may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegat in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or condi undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice Presiden Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary o Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under s required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of author by one or more Company officers pursuant to a written delegation of authority.

This Power of Attorney and Certificate of Authority is signed and sealed by facsimile under and by authority of the follo Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, which Resolution is now in full force and effect:

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile t power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fa purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of att or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so execute certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bc undertaking to which it is attached.

(8-97)

WITNESS WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS have caused this instrument to be signed by their Senior Vice President, and their corporate seals to be hereto affixed this 8th day of November, 1999.

STATE OF CONNECTICUT  
}SS. Hartford  
COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA  
TRAVELERS CASUALTY AND SURETY COMPANY  
FARMINGTON CASUALTY COMPANY  
TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS

   

By George W. Thompson  
Senior Vice President

On this 8th day of November, 1999 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.



My commission expires June 30, 2001  Notary Public  
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, stock corporation of the State of Illinois, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 20th day of September, 2002.

   

By Kori M. Johanson  
Assistant Secretary, Bond

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) United States of America f/u/o LDG, Inc. d/b/a Unique Woodworking v. Travelers Casualty and Surety Company of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [✓]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert Philip Hilson
ADDRESS   175 Derby Street, Suite 12, Hingham, MA 02043
TELEPHONE NO.   781 740 4118

(CategoryForm.wpd - 2/15/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America f/u/o LDG, Inc. d/b/a Unique Woodworking

**(b)** County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert Philip Hilson, The Law Offices of Robert Philip Hilson, 175 Derby Street, Ste 12, Hingham, MA 02043 (781) 740 4118

## DEFENDANTS
Travelers Casualty and Surety Company of America

County of Residence of First Listed Defendant: Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | LABOR | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. 3131 et seq.
Brief description of cause:
Plaintiff seeks $15,079.00 for labor and materials furnished on the VA Hospital located in Jamaica Plain, MA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $15,079.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 4.27.05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____