UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10852-RCL

|  |  |
|---|---|
| UNITED STATES OF AMERICA f/u/o LDG, INC. d/b/a UNIQUE WOODWORKING, <br> Plaintiff <br><br> v. <br><br> TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER OF DEFENDANT**
**TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA**

**(Answer to general allegations)**

1. Paragraph No. 1 contains allegations of law for which no answer is required.

2. Paragraph No. 2 contains allegations of law for which no answer is required.

3. Paragraph No. 3 contains allegations of law for which no answer is required, except that plaintiff "LDG, Inc.'s" corporate name is listed with the Secretary of State for the Commonwealth as "LDG Corporation."

4. Admitted.

5.      Denied. The correct name of the corporation is Mattie And O'Brien Mechanical Contracting Company, Inc. ("Mattie & O'Brien"). Mattie & O'Brien does conduct business as Mattie & O'Brien Contracting Corporation, Inc.

6.      Admitted.

7.      Admitted, except that Travelers Casualty & Surety Company of America ("Travelers") states that said bond speaks for itself.

8.      Admitted, except that Travelers states that said bond speaks for itself.

9.      Admitted, except that Travelers states that said agreements speak for themselves.

10.     Admitted.

11.     Denied.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Admitted.

**(Answer to COUNT I)**

16. Travelers realleges and reaffirms its answers to paragraphs 1-15 inclusive as if each and every allegation thereof was set forth fully herein.

17. Travelers admits that the payment bonds were executed by Travelers and Mattie & O'Brien but states that said payment bonds speak for themselves.

18. Denied.

19. Denied. Unique breached its subcontract with Mattie & O'Brien by failing to make proper or timely submittals resulting in delay damages to Mattie & O'Brien which exceed the amounts claimed due by Unique. And further answering, Mattie & O'Brein is entitled to set-off amounts due Mattie & O'Brien on account of the credit claimed by the VA on the Audiology project.

20. No answer is required, but Travelers denies that the plaintiff is entitled to the relief requested.

**(Answer to COUNT II)**

21. Travelers realleges and reaffirms its answers to paragraphs 1-20 inclusive as if each and every allegation thereof was set forth fully herein.

22. Denied.

23. Denied.

24. Travelers admits that Mattie & O'Brien has refused to make the payment requested by Unique, but denies that said refusal is due to any failure on the part of Mattie & O'Brien.

25. No answer is required, but Travelers denies that the plaintiff is entitled to the relief requested.

### FIRST AFFIRMATIVE DEFENSE

This action is barred by a prior pending action filed by plaintiff against Mattie and O'Brien Contracting Corporation in the Hingham District Court known as *LDG. Inc. d/b/a Unique Woodworking v. Mattie and O'Brien Contracting Corporation Civil Action No. 0458-0786*. Said action seeks the same relief requested herein against Traveler's principal on the Bond, and privy.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery under any of the allegations of its Complaint in that the plaintiff has failed to satisfy conditions precedent to recovery under the payment bonds furnished by Travelers.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred by the provisions of its December 5, 2002 contract with Mattie & O'Brien for the project known as V523-C1243 from recovery against Travelers under any of the allegations of its Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff by its actions has waived any right to recovery against Travelers under any of the allegations of its Complaint.

## FIFTH AFFIRMATIVE DEFENSE

    The plaintiff by its actions is estopped from recovery against Travelers under any of the allegations of its Complaint.

                                                TRAVELERS CASUALTY & SURETY
                                                COMPANY OF AMERICA
                                                By its Attorney,

                                                _____
                                                Leo S. McNamara, Esq.
                                                BBO #339380
                                                McNAMARA & FLYNN, P.A.
                                                84 State Street, 9th Floor
                                                Boston, MA 02109
                                                617-723-3344

DATED:      May __, 2005